Jacqueline T. ROBINSON–REEDER, Appellant

v.

AMERICAN COUNCIL ON EDUCATION, Appellee.

No. 09–7136.

United States Court of Appeals, District of Columbia Circuit.

April 18, 2011.

Rehearing En Banc Denied June 20, 2011.

Jacqueline T. Robinson–Reeder, District Heights, MD, pro se.

Christine N. Kearns, Pillsbury Winthrop Shaw Pittman, LLP, Washington, DC, for Appellee.

BEFORE: HENDERSON, TATEL, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and on the briefs filed by the parties; and the motions for appointment of counsel or amicus, for disqualification, to seal, to declare, and for an evidentiary hearing, it is

**ORDERED** that the motions for appointment of counsel or amicus be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel or amicus when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for disqualification be denied with respect to Judge Tatel. Judicial rulings alone rarely provide grounds for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *see also United States v. Barry*, 938 F.2d 1327, 1340 (D.C.Cir.1991). It is

**FURTHER ORDERED** that the motions to seal, to declare, and for an evidentiary hearing be denied. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's final judgment in No. 07cv0880, regarding the Title VII claims dismissed in the January 29, 2008 order granting the Council's motion for judgment on the pleadings; and the district court's order in No. 08cv1577, denying appellant's motions for reconsideration of its December 4, 2009 order granting summary judgment on appellant's Title VII retaliation claim and Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 *et seq.*, notice claim, both be affirmed.

Because appellant failed to exhaust her administrative remedies regarding the discrimination claim stemming from her request for technical assistance, and the retaliation claims stemming from her complaints about a co-worker and from her EEOC activity, those claims were properly dismissed in No. 07cv0880. *See Robinson–Reeder v. Amer. Council on Educ.*, 532 F.Supp.2d 6 (D.D.C.2008); *Park v. Howard University*, 71 F.3d 904 (D.C.Cir. 1995).

The disparate treatment claim stemming from the probation notice was properly dismissed in No. 07cv0880, because appellant failed to demonstrate she suffered any adverse employment action. *See Douglas v. Donovan*, 559 F.3d 549, 552 (D.C.Cir. 2009).

The district court did not abuse its discretion in declining to reconsider its December 4, 2009 summary judgment ruling disposing of appellant's retaliation and COBRA-notice claims in No. 08cv1577. *See Robinson–Reeder v. Amer. Council on Educ.*, 674 F.Supp.2d 49, 58 (D.D.C.2010). Appellant failed to demonstrate any "extraordinary circumstances" justifying relief under Rule 60(b)(6). *See Salazar ex rel. Salazar v. D.C.*, 633 F.3d 1110, 1112–13, 1114–16 (D.C.Cir.2011).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.